UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSEPHINE A. VITALE,                              Civil Action No.: 06CV320

                        Plaintiff,         Judge Denise Cote

  -against-                                        **AFFIDAVIT OF WILL LEVINS
                                                      IN SUPPORT OF PLAINTIFF'S
THE BROMLEY COMPANIES LLC, and                    CROSS MOTION**
WILLIAM HAINES,

-----------------------------------------------------------------X

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK  )

    I, Will Levins, depose as follows:

    1.    I am an attorney at law, admitted to practice before the Bar of this Court, I am a member of Ballon Stoll Bader & Nadler, PC. We represent plaintiff. My partner, Marshall B. Bellovin, and I are in charge of the case. What follows is based upon my review of the files.

    2.    Defendants have moved for an order pursuant to Rule 12 (b) (6) dismissing our client's complaint. Pursuant to Rule 12 (b) this Court may determine to treat defendants' motion "as one for summary judgment and disposed of as provided in Rule 56..." In the event affidavits are unavailable to the non-moving party, Rule 56 (f) allows the Court to "refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Frankly, plaintiff believes she has shown sufficient to warrant denying defendants' motion and that a continuance for the purposes set forth in 56 (f) is not required. However, should this Court disagree, then, plaintiff respectfully submits it would be eminently appropriate to order a continuance to allow her to conduct depositions and discovery.

3. We believe plaintiff easily meets the classic "four factors" test to grant this cross motion. The facts sought and how they are to be obtained will deal, *inter alia,* with the threshold requirements that there be at least fifteen employees in the entity being sued under Title VII and that Bromley was plaintiff's employer. Plaintiff will depose Mr. Haines and other executives of Bromley, their accountants, their public relations firms, Ms. Paige Hall (Bromley's Director of Human Services) and require that Bromley produce all corporate records, tax returns, insurance programs, workers compensation plans and in house personnel management documents pertaining to the issues. s All the foregoing are relevant and material to the relationship between and among the various Bromley companies and go directly to the employer identity issue and the 15 minimum threshold requirements, both raised by and relied upon by Bromley in its motion to dismiss.

4. Plaintiff contends she has already shown enough at the very least to raise material factual issues regarding the foregoing and the issues raised below. She expects the depositions and discovery will add additional facts abundantly supporting her position that: (a) Bromley was her employer; (b) Bromley meets and exceeds the 15 personnel threshold; (c) at best Tampa Bay1, LLC was a corporate shell totally and absolutely controlled in every respect, including labor/personnel relations, by Bromley; (d) she was being paid less than comparably placed male personnel occupying substantially the same positions in Bromley Companies; (e) during the approximately seven years plaintiff worked for Bromley she made monthly or bi-monthly business trips to New York City where she met with Haines, other Bromley personnel, real estate agents, financiers and prospective tenants, all involving the Tampa Bay 1 project; (d) while she was in New York City, she was subjected to sexual harassment by Haines and Bromley, making it clear that her continued employment ultimately depended upon her yielding to Haines

2

unprovoked and unwelcome sexual demands; (e) the decision to fire her was made in New York City by Haines; (f) Haines' and Bromley's sole alleged business reason for firing her (namely, the closing of the Tampa Bay 1 office) was a pretext in that, among other things, after she was fired in June, 2005 that office remained and to this day remains open, staffed and doing business, the efforts to complete and market the project never having ceased.

5.   The discovery and depositions will also involve delving into plaintiff's claim that, as she says Haines confirmed to her, she was being paid less than comparably placed male executives employed by Bromley. She will subpoena Bromley's financial records, depose Paige Hall and other Bromley personnel having knowledge and information, including, of course, defendant Haines. Again, plaintiff expects to unearth additional facts at the very least raising material issues precluding a dismissal of her gender discrimination Causes of Action.

6.   Then, there are plaintiff's allegations that, while in New York City on Bromley business, Bromley and Haines subjected her to sexual harassment and threats concerning her employment if she did not give in to Haines' constant demands for sex and the resumption of their defunct personal relationship. Plaintiff will depose Haines, Len Riggio, the woman Mr. Riggio was with at Four Seasons when Haines wouldn't stop pawing plaintiff under the table, David Vallese, personnel employed at Elysee Hotel in Manhattan and others named in plaintiff's opposing papers as having witnessed Haines intemperate and often whiskey driven, wholly inappropriate sexual advances on plaintiff. Among other things, plaintiff's discovery and depositions will establish that the consensual sexual relationship that had existed between plaintiff and Haines had come to an end by 2003; but Haines simply would not respect plaintiff's emphatic "NO" and in New York City (and elsewhere) kept harassing her with demands for sex, for private time with her and that, in New York City, he abused his executive powers with

Bromley and as plaintiff's boss to "set her up" for what he (unsuccessfully) planned as a resumption of sexual relations. Plaintiff fully expects to be able to develop even more facts supporting her submissions that many of the acts of sexual harassment occurred within New York City, including the decision to fire her, thereby creating a jurisdictional predicate for the New York City and New York State Human Relations discriminatory Causes of Action.

7. Among the documents and things plaintiff will expect produced for examination are all Bromley Companies e-mails, "header" information, identities of persons and/or entities registered to use or having access to Bromley inboxes for the subject e-mail accounts, the specific IP address, back-up, the forms of data storage used by Bromley -----all the foregoing will be included within demands tailored to address one or more of the specific issues involved in defendants' motion and this cross motion. Every effort will be made to resolve discovery disputes with counsel for defendants. Our assumption is that defendants have already been advised by their counsel to retain all such electronic material, to delete or alter nothing and to prepare for plaintiff's counsel a general description of Bromley's electronic storage systems.

8. In sum, plaintiff respectfully submits that, if defendants' motion not be dismissed, it should be continued to allow for the non-exhaustive discovery and depositions summarized above. Subject to the Court's discretion, plaintiff will also make use of discovery tools such as interrogatories, demands for production of documents, notices to admit and a demand to allow her attorneys access to the Bromley offices in Manhattan to observe, first hand, the physical attributes of the offices plaintiff says she visited so many times over seven years to

conduct Bromley business.

Sworn to before me August 23, 2006

*[Notary signature]*

Will Levins

BRENDA J. TYUS FAUST
Notary Public, State of New York
No. 01TY5038410
Qualified in Kings County
Commission Expires May 9, 2007

O:\BELLOVIN\VITALE\Motion To Dismiss\Aff In Support Of P Cross Motion.Doc