KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Eric J. Wallach (EJW-4399)
Mark W. Lerner (ML-6290)
Joseph A. Piesco, Jr. (JP-1773)

Attorneys for Defendants
The Bromley Companies LLC and
William Haines

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
                                           :
JOSEPHINE A. VITALE,                       :
                                           :   06 CV 3209
            Plaintiff,                     :
                                           :   (Cote, J.)
        vs.                                :
                                           :
THE BROMLEY COMPANIES LLC and              :   **ANSWER AND**
WILLIAM HAINES,                            :   **AFFIRMATIVE**
                                           :   **DEFENSES**
            Defendants.                    :
_____x

Defendants, The Bromley Companies LLC ("Bromley") and William Haines ("Haines") (collectively, "Defendants"), by and through their attorneys, Kasowitz, Benson, Torres & Friedman LLP, hereby submit as and for their Answer and Affirmative Defenses to the Complaint of Plaintiff, Josephine A. Vitale ("Plaintiff"), as follows:

## Nature of the Action

1.      Deny each and every allegation contained in paragraph 1 of the Complaint. By way of further response, Defendants admit that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-1 et seq. ("Title VII"), the New

York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL") and the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101 et seq. (the "NYCHRL"), for alleged claims of sexual harassment, gender discrimination and retaliation. Defendants deny that Plaintiff's claims have any merit and, further, deny that she is entitled to any relief under Title VII, the NYSHRL, the NYCHRL, or any other federal, state or city statute, law or regulation.

2.  Deny each and every allegation contained in paragraph 2 of the Complaint. By way of further response, Defendants admit that Plaintiff purports to bring an action under Title VII, the NYSHRL and the NYCHRL for alleged claims of sexual harassment, gender discrimination and retaliation. Defendants deny that Plaintiff's claims have any merit and, further, deny that she is entitled to any relief under Title VII, the NYSHRL, the NYCHRL, or any other federal, state or city statute, law or regulation.

## Parties

3.  Defendants admit only that Plaintiff's last known residence was in Tampa, Florida.

4.  Defendants admit only that Bromley is a privately held limited liability company organized under the laws of the state of New York and that its principal place of business, and only place of business, is located in New York, New York. The remaining allegations contained in paragraph 4 of the Complaint are denied.

5.  Admit the allegations contained in paragraph 5 of the Complaint.

## Jurisdiction and Venue

6.  The allegations set forth in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required.

7.  The allegations set forth in Paragraph 7 of the Complaint call for a legal conclusion to

which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.    The allegations set forth in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.    The allegations set forth in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and those allegations are, therefore, deemed denied.

## Statement of Facts

11.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and those allegations are, therefore, deemed denied. By way of further response, Defendants state that, upon information and belief, prior to her employment with Tampa Bay 1, LLC ("TB1"), Plaintiff had minimal, if any, "real estate development" experience.

12.   Deny each and every allegation contained in paragraph 12 of the Complaint. By way of further response, Defendants state that Plaintiff was never retained by Bromley as a consultant but rather was retained exclusively by TB1, a limited liability company organized and existing under the laws of Florida.

13. Deny each and every allegation contained in paragraph 13 of the Complaint. By way of further response, Defendants state that Haines offered Plaintiff employment on behalf of TB1, not Bromley.

14. Deny each and every allegation contained in paragraph 14 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley, and that all of Plaintiff's responsibilities and duties with respect to the "Project" were performed by her on behalf of TB1.

15. Deny each and every allegation contained in paragraph 15 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley, and that all of Plaintiff's responsibilities and duties were performed by her on behalf of TB1.

16. Deny each and every allegation contained in paragraph 16 of the Complaint.

17. Deny each and every allegation contained in paragraph 17 of the Complaint.

18. Deny each and every allegation contained in paragraph 18 of the Complaint.

19. Deny each and every allegation contained in paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and those allegations are, therefore, deemed denied.

21. Deny each and every allegation contained in paragraph 21 of the Complaint.

22. Deny each and every allegation contained in paragraph 22 of the Complaint.

23. Deny each and every allegation contained in paragraph 23 of the Complaint.

24. Deny each and every allegation contained in paragraph 24 of the Complaint.

25. Deny each and every allegation contained in paragraph 25 of the Complaint.

26. Deny each and every allegation contained in paragraph 26 of the Complaint.

27. Deny each and every allegation contained in paragraph 27 of the Complaint.

28. Deny each and every allegation contained in paragraph 28 of the Complaint.

29. Deny each and every allegation contained in paragraph 29 of the Complaint.

30. Deny each and every allegation contained in paragraph 30 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

31. Deny each and every allegation contained in paragraph 31 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

32. Deny each and every allegation contained in paragraph 32 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley, and further deny the implication that Defendants retaliated against Plaintiff in any manner or engaged in any conduct which interfered with her ability to perform her job duties during her employment with TB1.

33. Deny each and every allegation contained in paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 of the Complaint purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required.

35. Deny each and every allegation contained in paragraph 35 of the Complaint.

36. Deny each and every allegation contained in paragraph 36 of the Complaint.

37. Deny each and every allegation contained in paragraph 37 of the Complaint.

38.   Deny each and every allegation contained in paragraph 38 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

39.   Deny each and every allegation contained in paragraph 39 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

40.   Deny each and every allegation contained in paragraph 40 of the Complaint.

41.   Deny each and every allegation contained in paragraph 41 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

42.   Deny each and every allegation contained in paragraph 42 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

43.   Deny each and every allegation contained in paragraph 43 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

44.   Deny each and every allegation contained in paragraph 44 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

45.   Deny each and every allegation contained in paragraph 45 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

46.   Deny each and every allegation contained in paragraph 46 of the Complaint.

47. Deny each and every allegation contained in paragraph 47 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

48. Deny each and every allegation contained in paragraph 48 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and those allegations are, therefore, deemed denied.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, except admit that Plaintiff obtained a home equity loan from Palm Bank and that Haines is on the bank's Board of Directors.

51. Deny each and every allegation contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

53. Deny each and every allegation contained in paragraph 53 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner.

54. Deny each and every allegation contained in paragraph 54 of the Complaint. By way of further response, Defendants state that TB1 terminated Plaintiff's employment effective June 30, 2005.

55. Deny each and every allegation contained in paragraph 55 of the Complaint, except state that the allegations contained in Paragraph 55 of the Complaint purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required.

56. Deny each and every allegation contained in paragraph 56 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner. Further, TB1, not Bromley, was Plaintiff's employer.

57. Deny each and every allegation contained in paragraph 57 of the Complaint. By way of further response, Defendants deny the implication that Defendants retaliated against Plaintiff in any manner. Further, TB1, not Bromley, was Plaintiff's employer.

58. Deny each and every allegation contained in paragraph 58 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley, and, further, that TB1, not Bromley, terminated all of its Tampa employees and closed its Tampa office effective June 30, 2005.

59. Deny each and every allegation contained in paragraph 59 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

60. Deny each and every allegation contained in paragraph 60 of the Complaint.

61. Deny each and every allegation contained in paragraph 61 of the Complaint.

62. Deny each and every allegation contained in paragraph 62 of the Complaint.

63. Deny each and every allegation contained in paragraph 63 of the Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Complaint.

65. Deny each and every allegation contained in paragraph 65 of the Complaint.

66. Deny each and every allegation contained in paragraph 66 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

67. Deny each and every allegation contained in paragraph 67 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

68. Deny each and every allegation contained in paragraph 68 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

69. Deny each and every allegation contained in paragraph 69 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

70. Deny each and every allegation contained in paragraph 70 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

71. Deny each and every allegation contained in paragraph 71 of the Complaint. By way of further response, Defendants state that Plaintiff was at all times an employee of TB1, not Bromley.

**COUNT I**
**Title VII Hostile Work Environment Sexual Harassment**

72. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-71 of the Complaint as if fully set forth herein.

73. Deny each and every allegation contained in paragraph 73 of the Complaint.

74. Deny each and every allegation contained in paragraph 74 of the Complaint.

75. Deny each and every allegation contained in paragraph 75 of the Complaint.

## COUNT II
### NYSHRL Hostile Work Environment Sexual Harassment

76. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-75 of the Complaint as if fully set forth herein.

77. Deny each and every allegation contained in paragraph 77 of the Complaint.

78. Deny each and every allegation contained in paragraph 78 of the Complaint.

79. Deny each and every allegation contained in paragraph 79 of the Complaint.

## COUNT III
### NYCHRL Hostile Work Environment Sexual Harassment

80. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-79 of the Complaint as if fully set forth herein.

81. Deny each and every allegation contained in paragraph 81 of the Complaint.

82. Deny each and every allegation contained in paragraph 82 of the Complaint.

83. Deny each and every allegation contained in paragraph 83 of the Complaint.

## COUNT IV
### Title VII Quid Pro Quo Sexual Harassment

84. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-83 of the Complaint as if fully set forth herein.

85. Deny each and every allegation contained in paragraph 85 of the Complaint.

86. Deny each and every allegation contained in paragraph 86 of the Complaint.

87. Deny each and every allegation contained in paragraph 87 of the Complaint.

## COUNT V
### NYSHRL Quid Pro Quo Sexual Harassment

88. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-87 of the Complaint as if fully set forth herein.

89. Deny each and every allegation contained in paragraph 89 of the Complaint.

90. Deny each and every allegation contained in paragraph 90 of the Complaint.

91. Deny each and every allegation contained in paragraph 91 of the Complaint.

## COUNT VI
### NYCHRL Quid Pro Quo Sexual Harassment

92. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-91 of the Complaint as if fully set forth herein.

93. Deny each and every allegation contained in paragraph 93 of the Complaint.

94. Deny each and every allegation contained in paragraph 94 of the Complaint.

95. Deny each and every allegation contained in paragraph 95 of the Complaint.

## COUNT VII
### Title VII Gender Discrimination

96. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-95 of the Complaint as if fully set forth herein.

97. Deny each and every allegation contained in paragraph 97 of the Complaint.

98. Deny each and every allegation contained in paragraph 98 of the Complaint.

99. Deny each and every allegation contained in paragraph 99 of the Complaint.

100. Deny each and every allegation contained in paragraph 100 of the Complaint.

101. Deny each and every allegation contained in paragraph 101 of the Complaint.

## COUNT VIII
### NYSHRL Gender Discrimination

102. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-101 of the Complaint as if fully set forth herein.

103. Deny each and every allegation contained in paragraph 103 of the Complaint.

104. Deny each and every allegation contained in paragraph 104 of the Complaint.

105. Deny each and every allegation contained in paragraph 105 of the Complaint.

106. Deny each and every allegation contained in paragraph 106 of the Complaint.

107. Deny each and every allegation contained in paragraph 107 of the Complaint.

## COUNT IX
### NYCHRL Gender Discrimination

108. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-107 of the Complaint as if fully set forth herein.

109. Deny each and every allegation contained in paragraph 109 of the Complaint.

110. Deny each and every allegation contained in paragraph 110 of the Complaint.

111. Deny each and every allegation contained in paragraph 111 of the Complaint.

112. Deny each and every allegation contained in paragraph 112 of the Complaint.

113. Deny each and every allegation contained in paragraph 113 of the Complaint.

## COUNT X
### Title VII Retaliation

114. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-113 of the Complaint as if fully set forth herein.

115. Deny each and every allegation contained in paragraph 115 of the Complaint.

116. Deny each and every allegation contained in paragraph 116 of the Complaint.

117. Deny each and every allegation contained in paragraph 117 of the Complaint.

## COUNT XI
## NYSHRL Retaliation

118. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-117 of the Complaint as if fully set forth herein.

119. Deny each and every allegation contained in paragraph 119 of the Complaint.

120. Deny each and every allegation contained in paragraph 120 of the Complaint.

121. Deny each and every allegation contained in paragraph 121 of the Complaint.

## COUNT XII
## NYCHRL Retaliation

122. Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1-121 of the Complaint as if fully set forth herein.

123. Deny each and every allegation contained in paragraph 123 of the Complaint.

124. Deny each and every allegation contained in paragraph 124 of the Complaint.

125. Deny each and every allegation contained in paragraph 125 of the Complaint.

## Relief Requested

Defendants deny that Plaintiff is entitled to any relief, including the remedies described and relief requested in Paragraphs (a)-(f) of the section of the Complaint entitled "Relief Requested."

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to bring any of her claims against Bromley, such claims must be dismissed, in whole or in part, because Bromley was not her employer.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to bring Title VII claims against Haines in his individual capacity, such claims must be dismissed, in whole or in part, because Title VII does not provide for individual liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to bring NYSHRL or NYCHRL claims against Defendants, such claims must be dismissed, in whole or in part, because Plaintiff lacks standing to assert such claims against Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims that Defendants discriminated against her by paying her less compensation than Bromley's similarly situated male executives, such claims must be dismissed, in whole or in part, because Plaintiff cannot show (i) that Defendants paid different wages to employees of the opposite sex, (ii) that the executives she refers to perform equal work on jobs requiring equal skill, effort and responsibility, and (iii) that the jobs are performed under similar working conditions.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants have had in place and continue to have in place policies that expressly prohibit all forms of discrimination, harassment and retaliation in the workplace (hereinafter, "EEO Policies"). Defendants' EEO Policies are widely-distributed to all of Defendants' and TB1's employees, contain effective complaint procedures and are adhered to by

Defendants and TB1. To the extent Plaintiff experienced or believes to have experienced discrimination or retaliation of any kind, her claims are barred, in whole or in part, due to her unreasonable failure to avail herself of the preventative and remedial measures made available to her by Defendants and TB1.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any employment actions taken by Defendants with respect to Plaintiff's employment with TB1 were based solely on legitimate, non-discriminatory business reasons.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead facts necessary to support a claim for an award of punitive damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

### JURY TRIAL DEMAND

Defendants acknowledge Plaintiff's demand for a trial by jury.

**WHEREFORE**, Defendants The Bromley Companies LLC and William Haines respectfully request that the Court:

    A.    Dismiss the Complaint in its entirety with prejudice;

    B.    Deny each and every demand and prayer for relief contained in the Complaint;

      C.      Award Defendants their costs and reasonable attorneys' fees; and

      D.      Award Defendants such other and further relief as the Court deems just and proper.

DATED:    New York, New York
               February 2, 2007

                        KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                        By: _____
                              Eric J. Wallach, Esq.
                              Mark W. Lerner, Esq.
                              Joseph A. Piesco, Esq.

                        Attorneys for Defendants
The Bromley Companies LLC and
William Haines
1633 Broadway
New York, New York 10019
(212) 506-1700